# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GOLDEN VASQUEZ,**

    Petitioner,

v.                                                   Case No. 4:17cv465-MW/CAS

**JULIE L. JONES, Secretary,
Department of Corrections,**

    Respondent.
_____/

## ORDER AND REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

A Report and Recommendation to Deny § 2254 Petition, ECF No. 8, was entered on February 26, 2018, recommending denial of Petitioner's October 13, 2017, petition for writ of habeas corpus. ECF No. 1. After the Respondent's response was filed to the petition, a reply, if any, was due from Petitioner by February 12, 2018. *See* ECF No. 5. On February 26, 2018, with no response having been received, the Report and Recommendation to Deny § 2254 Petition was entered. ECF No. 8. However, Petitioner's reply was provided to the correctional institution on February 12, 2018, as directed and was received in this Court on February 28, 2018. ECF No. 9. Thus, under the mailbox rule, the response is timely filed.

## ORDER

It is therefore **ORDERED** that the Report and Recommendation to Deny § 2254 Petitioner issued on February 26, 2018, ECF No. 8, is hereby **VACATED**, and this Report and Recommendation to Deny § 2254 Petition is made this date in consideration of Petitioner's reply.

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On October 13, 2017, Petitioner Golden Vasquez, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 9, 2018, Respondent filed a response which included an answer to the petition and a motion to dismiss the § 2254 petition as procedurally defaulted. ECF No. 7 (with Appendix). Petitioner filed a reply by the mailbox rule on February 12, 2018. ECF No. 9.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised by the parties, the undersigned has determined that no evidentiary hearing is required. As explained below, based on the pleadings and attachments before the Court, the undersigned

has determined that the § 2254 petition should be denied and the motion to dismiss should be denied as moot.

## I. Procedural History

Defendant is serving a sentence of fifteen years in prison, having been sentenced in the Seventeenth Judicial Circuit of Florida as a habitual felony offender under section 775.084(4), Florida Statutes, on March 31, 2006. Appx. at 3, 20, 25-27.[1] She received credit against that sentence for 37 days of time served. Appx. at 27.

On April 4, 2016, Petitioner filed a petition for writ of mandamus in the Circuit Court of Leon County, Florida, in case number 2016-CA 000820, challenging the calculation of her tentative release date and her "85% date." See Appx. At 3. While that petition for writ of mandamus was pending, and before the order denying the petition issued, Petitioner filed a petition for writ of mandamus in the state First District Court of Appeal in case number 1D16-4515 seeking to compel the circuit court to rule on her case. See docket entry Appx. at 7, 11. That appellate proceeding ultimately resulted in an order granting the petition on August 1, 2017. Vazquez v. Dep't of Corr., 223 So. 3d 473 (Fla. 1st DCA 2017).

---

[1] Hereinafter, all citations to pertinent portions of the state court record, indicated by "Appx. –," refer to the Appendix submitted with Respondents response and motion, ECF No. 7, unless otherwise indicated.

Case No. 4:17cv465-MW/CAS

After the State responded in circuit court, the circuit court denied the petition on September 18, 2017, stating:

> Based on Petitioner's offense date, she is eligible for up to ten (10) days of incentive gain-time per month, but must also serve at least 85% of the sentence imposed. § 944.275 (4)(b)(3), Fla. Stat. Once Petitioner earns sufficient gain-time to reduce her release date to 85% of the imposed sentence she cannot earn any additional gain-time. The Department calculated Petitioner's 85% date as follows:
>
> | | |
> |---|---|
> | Date sentence imposed: | March 31, 2006 |
> | 85% of 15 years (in days): | +4654 |
> | Jail Credit: | -37 |
> | 85% minimum service date: | November 20, 2018 |
>
> The 85% date is the minimum service date, not the maximum. Thus, Petitioner must remain in prison until November 20, 2018. At the time Petitioner filed the instant Petition, she had already earned enough gain time to reduce her tentative release date to November 20, 2018, and could not earn any more gain-time.
>
> . . . .
> Accordingly, the Department has properly calculated Petitioner's release date and it is ORDERED AND ADJUDGED that Petitioner' petition for writ of mandamus is hereby DENIED.

Appx. at 4.

After the circuit court issued its order finding that Petitioner's tentative release date had not been incorrectly calculated and Petitioner had not served her full sentence, Petitioner filed an appeal to the First District Court of Appeal in case number 1D17-4110. That appeal was dismissed on November 14, 2017, without a ruling. *See* docket entry Appx. at 15. The state district court of appeal explained that the case was

dismissed for Petitioner's failure to respond to an order directing her to file a conformed copy of the order being appealed. *Id.*

On October 13, 2017, Petitioner filed a § 2254 petition in this court alleging two grounds, which comprise one combined issue:

> **Whether Petitioner has served 85% of her sentence, after proper application of gain time, and whether she is entitled to immediate release.** ECF No. 1 at 5, 7.

In her petition filed in this Court, Petitioner avers that she exhausted her available state court remedies by appeal to the First District Court of Appeal, case number 1D16-4515. ECF No. 1 at 6.

Respondent has filed an answer and a motion to dismiss alleging that appellate case number 1D16-4515 did not exhaust available state remedies because it was a petition seeking an order to require the circuit court to rule on her petition challenging the calculation of her sentence by the Department of Corrections. Respondent also alleges that the appeal in appellate case number 1D17-4110 failed to exhaust available state remedies because it was dismissed on procedural grounds without a ruling on the circuit court's denial of relief, as more fully discussed below. ECF No. 7. Respondent also alleges that the issue is one solely of state law, which is not cognizable in this § 2254 proceeding.

## II. Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody only under certain specified circumstances. Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility

Case No. 4:17cv465-MW/CAS

> fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted).

The Eleventh Circuit has reiterated the guiding principle that federal habeas review is intended to be a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1238 (11th Cir. 2016) (en banc) (quoting Richter, 562 U.S. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979))). The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " Cullen, 563 U.S. at 181 (quoting Richter, 562 U.S. at 102, and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). *See also*

Case No. 4:17cv465-MW/CAS

Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim." Preston v. Secretary, Florida Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); *see also* O'Sullivan, 526 U.S. at 845; Picard v. Connor, 404 U.S. 270, 277-78 (1971).

The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Henry, 513 U.S. at 365) (quoting Picard, 404 U.S. at 275 (citation omitted)). *See also* Picard, 404 U.S. at 275 ("If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secure by the Constitution,' it is not sufficient merely that the federal habeas applicant has been through the state courts." (citation omitted)).

Where the claim challenges calculation of the sentence for an inmate held in state custody, in order to exhaust state remedies, the inmate must file the required administrative appeal and appeal the result of that proceeding to the Office of the Secretary of the Department of Corrections. *See* Hoever v. Fla. Dep't of Corr., 156 So. 3d 543, 544 (Fla. 1st DCA 2015).  Circuit court review may then be had by petition for writ of mandamus, Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006), and further review in the state district court of appeal is sought by petition for writ of certiorari.  Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202, 1204 (Fla. 1st DCA 1997), approved 720 So. 2d 216, 216 (Fla. 1998).

In order to obtain review where a claim is unexhausted and, thus, procedurally defaulted, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause, Petitioner must show that an "external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." Alderman v. Zant, 22 F.3d 1541, 1551 (1994) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); *see also* McCleskey v. Zant, 499 U.S. 467, 497 (1991) (emphasizing that the external impediment must have prevented the

petitioner from raising the claim).  A federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or prejudice if necessary to correct a fundamental miscarriage of justice. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).  In order to satisfy the miscarriage of justice exception, the Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"—that it is more likely than not that no reasonable juror would have convicted him—which is a stronger showing than is necessary to establish prejudice.  See Schlup v. Delo, 513 U.S. 298, 327 (1995).  This standard "thus ensures that petitioner's case is truly 'extraordinary.' "  Id. (citing McCleskey, 499 U.S. at 494).  Such a case is "extremely rare."  Schlup, 513 U.S. at 324.

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record.  See 28 U.S.C. § 2254(e)(1).  However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62,

67-68 (1991). See also Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))).

**B. Respondent's Motion to Dismiss as Procedurally Defaulted**

A circuit court's review of a decision by an administrative agency is in an appellate review capacity, and once the circuit court denies the petition, the petition may then be reviewed by filing a writ of certiorari in the appropriate Florida district court of appeal within thirty days. See Fla. R. App. P. 9.030(b)(2)(B). Sheley, 703 So. 2d at 1205. Respondent has moved to dismiss this petition on the ground that Petitioner failed to exhaust her available state remedies because the proceeding to review the circuit court's denial of her petition for writ of mandamus was dismissed in the appellate court in case number 1D17-4110 without any briefing or ruling.

Florida Rule of Appellate Procedure 9.030(b)(2)(B) provides that the district court of appeal has certiorari jurisdiction to review final orders of circuit courts acting in their review capacity. Once the reviewing district court of appeal denies relief, an inmate has exhausted his state court remedies. See Phillip Padovano, Civil Practice, 5 Fla. Prac. § 30:5 (West 2009 ed.). See also Sheley v. Florida Parole Comm'n, 720 So. 2d 216, 217

(Fla. 1998). Because the circuit court's review of a decision of the Department of Corrections is appellate in nature, the inmate is not entitled to a second opportunity in the appellate court for plenary review on the merits; rather, on the second level of review in the district court, the issue is limited to a determination whether the circuit court afforded due process and whether the court observed the essential requirements of law. *Id.* (citing Sheley, 703 So. 2d at 1206).

Where a petitioner has not exhausted available state remedies, and is barred from pursuing unexhausted claims in state court, a procedural bar to federal habeas exists. *See* Coleman v. Thompson, 501 U.S. 722, 749 (1991). "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine," and if Petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default that will bar federal habeas relief unless cause and prejudice or the fundamental miscarriage of justice exception is established. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing Coleman, 501 U.S. at 840-42); Tower, 7 F.3d at 210.

In her reply, Petitioner contends that she exhausted all her available state remedies, but has provided nothing to show that she availed herself of the available state remedies in the state district court of appeal to review

the denial of relief by the circuit court. See ECF No. 9 at 1-2. Petitioner did not exhaust her available state remedies by perfecting her available review proceeding in the state district court of appeal.[2] Nor has Petitioner provided any basis to conclude some external impediment prevented her from perfecting complying with the order of the district court to avert the dismissal of her case. And, the circuit court's ruling that Petitioner's sentence was correctly calculated has not been shown to effect a fundamental miscarriage of justice requiring excusal of her procedural default.

**C.  Motion to Dismiss State Law Claims Not Cognizable in § 2254**

As a second ground for dismissal, Respondent contends that the issue of whether Petitioner's sentence was correctly calculated under state law is purely a state law claim not cognizable in this proceeding. A claim that petitioner's federal rights have been violated because state officials failed to correctly apply state law—here calculation of her sentence—is merely a state law claim "couched in terms" of a federal claim, and fails to

---

[2] Her petition for writ of mandamus in the appellate court seeking an order directing the circuit court to rule did not exhaust her available state remedies for review of the final order of the circuit court denying relief.

state a claim upon which relief may be granted by habeas corpus.³  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989).  Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief.  See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.").  "[S]tate courts are the ultimate expositors of state law."  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).  Federal courts must abide by their rulings on matters of state law except in extreme circumstances.  Id.

A "claim that the state forum has interpreted and applied improperly its gain-time statute is not cognizable on federal habeas review."  Pollock v. Sec'y, Fla. Dep't of Corr., 349 F. App'x 383, 385 (11th Cir. 2009) (unpublished) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  Thus, in addition to Petitioner having failed to exhaust her available state remedies, the issue she brings to this Court is solely a state law issue not cognizable on federal habeas review.

---

³ Petitioner makes no constitutional claim and does not even "couch" her claims terms of any constitutional violation, alleging instead only improper calculation of her sentence.  See ECF No. 1 at 5, 7.

### D. Whether Petitioner's sentence was properly calculated and whether she is entitled to immediate release

Notwithstanding the fact that Petitioner has not fulfilled the requirement that she exhaust her available state court remedies, such defect is not jurisdictional—and this is a case in which it is appropriate for the Court to exercise its discretion to dispose of the case on the merits. *See* Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."). "[T]here are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion." *Id.* (quoting Granberry v. Greer, 481 U.S. 129, 131 (1987)).

On the merits, Petitioner is not entitled to federal habeas relief. When the circuit court ruled on her claim, it correctly determined that Petitioner's sentence was correctly calculated by the Department of Corrections and that her tentative release date based on the minimum service required of 85% of her sentence would not be met until November 20, 2018. Petitioner, in her petition and her reply, denied the circuit court was correct

but has provided nothing to demonstrate that this calculation is incorrect or that any state law would require a different calculation or result.  Moreover, as noted above, this is a state law issue and this Court must give due deference to that determination.

Because the issue is one of state law and because Petitioner has not shown that her sentence was incorrectly calculated or that she has suffered a constitutional deprivation, she has not demonstrated that she is entitled to federal habeas relief pursuant to § 2254.  The § 2254 petition should therefore be denied.

### III. Conclusion

Based on the foregoing, Petitioner Golden Vasquez is not entitled to federal habeas relief.  Accordingly, the § 2254 petition (ECF No. 1) should be denied and Respondent's motion to dismiss (ECF No. 7) should be denied as moot.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1), and **DENY** the Respondent's motion to dismiss as moot. It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2018.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**